# THE UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 10-13778-BKC-LMI
                                                                  Chapter 7

    Cristina Josephina Pertierra,

    Debtor,
_____/
Barry E. Mukamal, as TRUSTEE,

    Plaintiff,

-vs-

    Cristina Josephina Pertierra,          Adv. Case No.

    Defendant.
_____/

## **COMPLAINT**

    Comes Now, Plaintiff, Barry E. Mukamal as Chapter 7 Trustee of the Bankruptcy Estate of Cristina Josephina Pertierra, and sues the Debtor, Cristina Josephina Pertierra, seeking to deny the Debtor's entire bankruptcy discharge and objection to claimed exemptions and states the following in support thereof:

1. Debtor (Cristina Josephina Pertierra) filed a voluntary petition in bankruptcy under Title 11 of the United States Code on the 17th, day of February, 2010.

2. Plaintiff is the duly-appointed and permanent Chapter 7 Trustee of the Bankruptcy Estate of Cristina Josephina Pertierra, in Parent Case No. 10-13778-LMI.

3. This Court has jurisdiction over this matter, venue is proper in this Court and all parties hereto are *sui juris*.

4. Debtor, Cristina Josephina Pertierra was born on January 21st, 1971 and her Social Security Number is xxx-xx-4154.

5. The Debtor has been a licensed attorney since December 10th, 1996; and she has been involved in hundreds of real

1

        estate transactions since commencing her sole practice as Cristina J. Pertierra, P.A. fka Sunset Legal Center, P.A. since July 27th, 1997, specializing in real estate law, wills and trust; and estate planning.

6. The Debtor purchased real property located at 5770-5774 Estero Blvd, Ft. Myers Beach, FL 33931 ("Bonita Springs Property"), on October 23rd, 2000 and mortgaged same for $796,000.00, and same is a multifamily property.

7. In 2003, the Debtor obtained a Home Equity Line of Credit for $475,000.00 [HELOC Proceeds] on the Bonita Spring Property and dissipated the $475,000.00. However, as of this date the Debtor has willfully failed or refused to provide records evidencing the disposition of the HELOC Proceeds.

8. Thereafter, in 2004 the Bonita Springs Property was again refinanced for $1,275,000.00 by Debtor; and Debtor withdrew $200,000.00 [Refinance Proceeds #1] cash from this refinancing transaction. Again, the Debtor has willfully failed or refused to provide records evidencing the disposition of the Refinance Proceeds #1.

9. In 2006, the Bonita Springs Property was refinanced again by Debtor. However, this time the Debtor refinanced for $2,150,000.00 and Debtor withdrew $600,000.00 [Refinance Proceeds #2] cash from this particular transaction. Once again, the Debtor has willfully failed or refused to provide records evidencing the disposition of the Refinance Proceeds #2.

10. The Debtor then turned to her alleged homestead property located at 937 Sunset Drive, Miami, FL 33143 ("Sunset Property") and borrowed on a Home Equity Line of Credit ["Wamu HELOC Proceeds"] from Washington Mutual the sum of $141,000.00 in 2007. Yet again, Debtor has willfully

failed or refused to provide records evidencing the disposition of these monies, and/or has no records or closing file to show the evidence of the receipt and disposition of the Wamu HELOC Proceeds.

11. Debtor also sold personal jewelry on E-bay in the two year period prior to filing bankruptcy and failed to disclose this income on her schedules and statement of financial affairs. Debtor also failed to provide records evidencing the receipt and disposition of the sale proceeds from the E-Bay sales.

12. At the Debtor's 2004 Examination, conducted on November 19th, 2010, the Debtor showed up with de minimis documents; although, she has been an attorney practicing since 1996 in real estate, estate planning, contracts, wills and trusts since that date.

13. Debtor has failed to produce satisfactory documents evidencing the disposition of substantial assets shortly before bankruptcy, which could have been used to pay her creditors.

14. Debtor also didn't disclose in her Schedules nor her Statement of Financial Affairs the following:

   a. The fact that the true and correct address of the Bonita Springs Property is 5770-5774 Estero Blvd, Ft. Myers Beach, FL 3393, and that it is a multifamily property located on the beach;
   b. The fact that the Debtor was actually residing in Ft. Myers on the Petition date;
   c. The fact that the Debtor didn't disclose previous addresses in SOFA #15, though her records reflect addresses resided in within 3 (three) years of the Petition date

3

                outside of her alleged homestead property; and

        d. The fact that the Debtor didn't disclose in her SOFA her rental income from the units at the Bonita Springs Property.

**COUNT I – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)**

15. Paragraphs 1-14 (and all subparts) are herein re-alleged and re-averred.

16. Debtor has knowingly and fraudulently, in or in connection with this bankruptcy case, made a false oath or account and withheld recorded information relating to the Debtor's property or financial affairs from the Trustee, as an officer of the Estate entitled to possession.

17. The above-stated matters are non-exclusive examples of such false oaths and withholding of recorded information relating to the Debtor's property or financial affairs.

18. As such, the Debtor is not entitled to a bankruptcy discharge.

**WHEREFORE,** the Plaintiff demands judgment in his favor, and for such other and further relief this Court deems equitable and just.

**COUNT II – Denial of Discharge Per 11 U.S.C. §727(a)(5)**

19. Paragraphs 1-14 (and all subparts) are herein re-alleged and re-averred.

20. As set forth above, and as a non-exclusive example, the Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the Debtor's liabilities.

21. The Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

**COUNT III – Denial of Discharge Per 11 U.S.C. Section 727(a)(3)**

22. Paragraphs 1-14(and all subparts) are herein re-averred and re-alleged.

23. The Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the Debtor's financial condition or business transactions might be ascertained.

24. The Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

**COUNT IV – Denial of Discharge Per 11 U.S.C. Section 727(a)(2)**

25. Paragraphs 1-14 (and all subparts)are herein re-alleged and re-averred.

26. The Debtor, with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed or concealed:

    a. property of the debtor within one year before the date of the filing of the petition; or,

    b. property of the estate after the date of the filing of the petition.

18. Examples of same are set forth above, and the Debtor's discharge must therefore be denied.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

5

## COUNT V – OBJECTION TO CLAIMED EXEMPTIONS

26. Paragraphs 1-14 (and all subparts)are herein re-alleged and re-averred.
27. The Trustee objects to any personal property exemption in excess of $1,000.00.
28. The Trustee objects to the claimed homestead exemption, and demands strict proof of the evidence of entitlement to same by the Debtor; as she was not permanently residing there as of the Petition date.
29. The Trustee objects to the claimed exemptions and demands surrender and turnover of any and all non-exempt assets.
30. The Trustee further requests that the Court direct Debtor to surrender and turnover her non-exempt assets, explain and account for any dissipation in same, and otherwise maintain same until retrieved by the Trustee.

**WHEREFORE,** the Trustee respectfully requests a judgment determining the non-exempt assets, directing turnover of same, deeming the Trustee the owner of the Debtor's interest, and sustaining the objection to claimed exemptions, and for such other and further relief this Court deems equitable and just.

**WHEREFORE,** the Plaintiff demands judgment in his favor and against the Debtor, and for such other and further relief this Court deems equitable and just.

I HEREBY CERTIFY that I am admitted to the Bar for the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Respectfully submitted this 31st, day of March, 2011.

JAMES B. MILLER, P.A.
19 West Flagler Street, Suite 416
Miami, FL 33130
Tel. No. (305) 374-0200
Fax. No. (305) 374-0250
Email: jbm@title11law.com

BY:_____/s/_____
JAMES B. MILLER
Fla. Bar No. 0009164

6